PERCY B. RICHARDSON v. SAMUEL C. KULP.

Submitted December 1, 1910—Decided February 27, 1911.

Where an endorser, having knowledge that he is discharged for want of proper notice of dishonor, promises that if the maker does not pay the note he will, it is, in legal effect, a promise that either he or the maker will pay upon demand, and amounts to a waiver of the neglect or laches of the holder in not giving him notice in due season of the dishonor of the note at maturity.

On appeal from the District Court.

Before Justices REED, PARKER and BERGEN.

For the plaintiff, *Vroom, Dickinson & Scammell.*

For the defendant, *Richard S. Wilson.*

The opinion of the court was delivered by

BERGEN, J. This action was brought to recover the amount due upon a promissory note which the defendant had endorsed for the accommodation of the maker, and the plaintiff had judgment in the District Court, from which defendant appeals. The note was not paid at maturity, and two questions are presented: First, were the necessary proceedings on dishonor duly taken and the endorser notified thereof as required by the statute? Second, if such necessary proceedings were not taken, has the defendant waived any benefit accruing to him therefrom? We think that the facts stipulated in this record fail to show that notice of dishonor was given to the endorser before the close of business hours on the day following the dishonor. It is not claimed that the promissory note was protested or any written notice sent to the endorser in due course, and the only notice claimed to have been given to him was an oral one communicated by means of a telephone. The testimony of the plaintiff on this subject is "that on the first or

second day after the maturity of the note he notified the defendant" that the note had been presented and had not been paid, and subsequently, on cross-examination, he said, "he was not sure whether he called Kulp on the telephone the first, second, third or fourth day after the note was due, and told him that he had presented the note and payment was refused." In order to hold an endorser there must be strict evidence of notice to him in due time (*Martinis* v. *Johnston*, 1 *Zab.* 239, 244), and the proof in this case does not comply with this requirement.

In *Lawson* v. *Sherwood*, 1 *Stark.* 314, the proof was that a letter containing a notice of non-payment was sent to the endorser "two or three days after the dishonor of the bill," and Lord Ellenborough, in determining the case, said: "The witness says two or three days, but the third day would be too late. It lies upon you to know that notice was given in due time; and I cannot go upon probable evidence without positive proof of the fact. The *onus probandi* lies upon the plaintiff, and since he has not proved due notice, he must be called." As, under our statute, the notice in this case should have been given on the first day after dishonor, the plaintiff has failed to prove the giving of a notice sufficient to hold the endorser.

We must therefore assume that the trial court, in finding for the plaintiff in this case, determined that the endorser, although discharged from liability for want of proper notification, subsequently waived his right to have advantage of the neglect of the plaintiff to give him timely notice of the dishonor of the note. On this subject the evidence as stipulated is that the defendant told the plaintiff, "I will see Pastino [the maker] and get another note;" that in a subsequent conversation regarding the note the defendant said to the plaintiff, "If Pastino did not pay he would," and that ten days after maturity of the note, in response to a letter from the attorney of the plaintiff demanding payment, the defendant wrote, "It is impossible for me to pay the note at the present time." The case shows that when the defendant made these statements and wrote the letter to plaintiff's attorney he knew that sufficient

notice of dishonor had not been given to hold him as endorser. He knew the date of maturity, and he also knew that the note had not been paid, so his promises, oral and by letter, must be considered as having been made with knowledge that he was released from liability for want of proper notice. A promise to pay, or its equivalent, made by a person entitled to insist on want of notice of dishonor, who was then aware that he was released from liability for want of it, amounts to a waiver of the right to have the benefit of such neglect, and admits the right of action. *Tebbetts* v. *Dowd*, 23 *Wend.* 379, and the cases there cited. The law on this point is concisely stated in *Edw. Bills* 650, as follows: "But on proof of a promise by the endorser with knowledge that he was not liable on the bill, the holder may recover; not, however, on the ground that the endorser is bound by the promise as a matter of contract, for it wants consideration; but on the ground that a promise amounts to a waiver of the objection that the proper steps have not been taken to charge the endorser."

The present case is not one where the promise to pay is appealed to as presumptive evidence of due notice, because the want of due notice is clearly established, but is put upon the ground that the promise amounts to a waiver. The distinction between the doctrine of presumption and of waiver in cases of this class is discussed by Mr. Justice Van Syckel in *Glassford* v. *Davis,* 7 *Vroom* 348, and a very able and learned opinion by Mr. Justice Cowen is to be found in *Tebbetts* v. *Dowd, supra.* The offer of the defendant to see the maker and get another note cannot, standing alone, under *Sussex Bank* v. *Baldwin, 2 Harr.* 487, be considered sufficient evidence of a waiver. In the case last cited one of the endorsers wrote a letter stating that the maker could not pay the note and requested to have it renewed, and it also appeared that the same endorser had handed a witness, who, so far as the record disclosed, was a stranger to the transaction, a note and wished him to try and get the plaintiff to take it in renewal, stating that the note which he wished to take up had been protested, and that he had received a notice of protest through the bank. This the Supreme Court held could not be taken as an implied

waiver of demand and notice, Mr. Justice Dayton, who wrote the opinion, saying, "Nothing short of an unconditional promise to pay made with the full knowledge of the laches of the holder of the note is sufficient." Nor is the statement contained in the letter of the defendant to plaintiff's attorney, "It is impossible for me to pay the note at the present time," such an unconditional promise to pay as to constitute either an express or implied waiver.

The efficacy of the defendant's promise, that if the maker did not pay he would, is the only pertinent matter yet remaining to be considered in this cause. The argument of the defendant is .that this promise is not such an unconditional promise of payment as is required to evidence a waiver of the effect of the plaintiff's neglect to give due notice of the nonpayment of the note at maturity. As no time is fixed for payment by the promise, the legal inference is that the defendant would pay upon demand if the maker did not.

In *Wood* v. *Brown,* 1 *Stark.* 217, the promise of the accommodation drawer was "that the bills would be paid before the next term." On the question whether this was sufficient the court said: "The defendant does not rely upon the want of notice, but undertakes that the bill will be paid before the term either by himself or the acceptor. I think the evidence is sufficient." A promise by the endorser that "he would see the bill paid" was held to be decisive, although the holder might have lost his remedy by laches in not giving notice of dishonor. *Hopes* v. *Alder,* 6 *East* 16.

In *Reynolds* v. *Douglas,* 37 *U. S.* 497, it was held "a party to a note entitled to notice may waive it by a promise to see it paid, or an acknowledgment that it must be paid, or a promise that he will set the matter to rights, or by a qualified promise, having knowledge of ·the laches of the holder."

In the case under consideration the liability acknowledged was that which the endorser had originally entered into, that is to pay if the maker did not, if the holder observed the necessary proceeding in cases of dishonor, and gave the endorser due notice, which necessary proceeding and notice the endorser may waive, and when he promises to pay if the maker does not,

having knowledge that for want of notice in due time he is discharged from liability, he promises to carry out his original agreement, waiving the neglect and laches of the holder which would in law relieve him from further liability.

The conclusion which we reach is that where an endorser, having knowledge that he is discharged for want of proper notice of dishonor, promises that if the maker does not pay the note he will, it is, in legal effect, a promise that either he or the maker will pay upon demand, and amounts to a waiver of the neglect or laches of the holder in not giving him notice in due season of the dishonor of the note at maturity. As there was evidence that the endorser made such a promise, although it was denied by him, we must assume that in giving judgment for the plaintiff the trial court found that such promise was made by the defendant, and there being evidence to support the finding below this court will not review it.

The judgment below is affirmed.